<table>
<tr><td>

DISTRICT COURT, BOULDER COUNTY, COLORADO

1777 Sixth Street
Boulder, Colorado 80306

</td><td rowspan="3"></td></tr>
</table>

| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO<br><br>1777 Sixth Street<br>Boulder, Colorado 80306 | |
| Plaintiff:<br><br>**DENISE JOHNSON,**<br><br>v.<br><br>Defendant:<br><br>**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY AKA ALLSTATE INSURANCE COMPANY** | ▲ Court Use Only ▲ |
| Attorney or Party Without Attorney<br>Zach Elsner, Esq., #44785<br>SAWAYA, ROSE, MCCLURE, & WILHITE P.C.<br>1600 Ogden Street<br>Denver, Colorado 80218<br>Attorneys for Plaintiff<br>Phone Number: (303) 839-1650<br>Fax Number: (303) 832-7102<br>E-mail address: zelsner@sawayalaw.com | Case Number:<br><br>Courtroom: |

## CIVIL COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Denise Johnson, by and through her attorneys, Sawaya, Rose, McClure, & Wilhite P.C. and for this Civil Complaint and Jury Demand against Defendant Allstate Fire And Casualty Insurance Company AKA Allstate Insurance Company (Allstate), alleges and avers the following:

1.    At all times relevant to this action, Plaintiff Denise Johnson was and is a resident of the State of Colorado.

2.    At all times relevant to this action, Defendant Allstate is an Illinois based corporation authorized to do business in the State of Colorado.

3.    The claims against Defendant Allstate are claims for outstanding first-party insurance benefits pursuant to C.R.S. § 10-4-609 and C.R.S. § 10-3-1115, owed to Plaintiff for bodily injury,

damages, and losses sustained as a result of motor vehicle collision negligently caused by an underinsured motorists on November 30, 2015.

4.    At all relevant times Plaintiff was "insured" pursuant to the language of the subject insurance policy issued by Defendant Allstate.

5.    For the claims against Defendant Allstate, Plaintiff is a first-party claimant pursuant to C.R.S. §§ 10-3-1115 & 10-4-609, and Goodson v. Am. Standard Ins. Co of Wisconsin, 89 P.3d 409, 414 n.4 (Colo. 2004).

6.    Venue is proper in the Boulder County District Court, pursuant to C.R.C.P. 98(c).

## FACTUAL ALLEGATIONS

7.    Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 6 of this Civil Complaint and Jury Demand as if set forth verbatim.

8.    On or about November 30, 2015, at approximately 9:00 p.m. ("the time of the collision"), the Plaintiff was the restrained driver of a 2010 Buick Lacrosse, travelling northbound on in the far right lane of Colorado Boulevard near East 40th Avenue.

9.    At the time of the collision, Syera Diggins was driving a 1996 Honda travelling northbound on Colorado Boulevard near East 40th Avenue.

10.    At the time of the collision, Syera Diggins as not in the far right lane and attempted to make a right turn and collided into the back of Plaintiff's vehicle.

11.    Plaintiff was not negligent in causing the collision.

12.    Syera Diggins's negligent driving was the sole cause of the first collision.

13.    Syera Diggins's negligent and careless driving at the time of the collision was the direct and proximate cause of Plaintiff's injuries.

14.    At the time of the collision, the Plaintiff was insured through an insurance policy (policy number 976 624 396) issued by Defendant Allstate, and the insurance policy provided uninsured motorist benefits.

15.    At the time of the collision, Plaintiff was "insured" pursuant to the language of the subject insurance policy issued by Defendant Allstate.

16.    At the time of the collision, Syera Diggins was uninsured.

17.    Plaintiff incurred damages as a result of the collision described above and is therefore entitled to underinsured motorist benefits under the policy with Defendant Allstate.

18.     As a direct and proximate result of the collision described above, Plaintiff suffered damages, harms, and losses.

19.     As a direct and proximate result of the collision described above, Plaintiff incurred in the past, and will continue to incur into the future, medical and other health care and rehabilitation expenses related to her injuries, past and future loss of earnings, loss of earning capacity, and loss of time.

20.     As a direct and proximate result of the first collision described above, Plaintiff incurred non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to her quality of life.

21.     As a direct and proximate result of the first collision described above, Plaintiff suffers from lasting physical impairment.

### FIRST CLAIM FOR RELIEF
### Underinsured Motorist Benefits

22.     Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 21 of this Civil Complaint and Jury Demand as if set forth verbatim.

23.     The subject insurance policy through Defendant Allstate was valid, in effect, and insured Plaintiff on the date of the collision.

24.     The subject policy through Defendant Allstate provided uninsured motorist coverage on the date of the first collision.

25.     Pursuant to the policy, Defendant Allstate is required to pay for all damages caused by the collision up to the policy limits.

26.     Defendant Allstate is liable for all of Plaintiff's damages from the collision up to the policy limits.

27.     Plaintiff has satisfied all conditions precedent under Allstate's policy, and she is not precluded from recovery due to non-compliance with the terms of the policies.

28.     Defendant Allstate has not paid any underinsured benefits to Plaintiff.

### SECOND CLAIM FOR RELIEF
### Violation Of The Insurance Fair Conduct Act

29.     Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 28 of this Civil Complaint and Jury Demand as if set forth verbatim.

30.     Defendant Allstate is engaged in the business of insurance.

31.     Plaintiff is an individual asserting an entitlement to benefits owed to or on behalf of an insured under an insurance policy, and is a first-party claimant as defined in C.R.S. § 10-3-1115.

32.     Plaintiff made a claim for payment of uninsured motorist benefits to Defendant Allstate.

33.     Defendant Allstate has unreasonably delayed and/or denied payment of a claim for benefits owed.

34.     As a result of Defendant Allstate's unreasonable conduct, Plaintiff is entitled to recover the covered benefit owed to her, plus two times the covered benefit, plus reasonable attorney fees and court costs, pursuant to the express provisions of C.R.S. § 10-3-1115.

## JURY DEMAND

Trial to a Jury of six (6) is demanded on all issues so triable.

WHEREFORE, Plaintiff Denise Johnson pray for Judgment against Defendant Allstate in amounts to be determined at trial, pre-judgment and post-judgment interest, costs and expert witness fees, and for such other and further relief as the Court may deem proper.

DATED Wednesday, March 01, 2017

> Respectfully submitted,
> SAWAYA, ROSE, MCCLURE, & WILHITE P.C.
>
> /s / Zach Elsner
> Zach Elsner

Plaintiff's Address:
21642 E. 55th Ave.
Denver, CO 80249